**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| Plaintiff, | )  No. CR 08-054-TUC-JMR (CRP)<br>) |
| vs. | )<br>)  **REPORT AND RECOMMENDATION** |
| | ) |
| **RANDY PATES, et. al.,** | )<br>) |
| Defendants. | )<br>) |

Defendant Randy Pates filed a Motion to Suppress Statement, arguing the statement was obtained "in violation of *Miranda*, and the due process requirements of voluntariness." (Doc 41, p. 1). The Government opposes the Motion. (Doc 42). For the reasons discussed below, this Court recommends that Chief Judge Roll, after his independent review and consideration, deny the Motion.

On December 16, 2007, Randy Pates drove a recreational vehicle ("RV") from Mexico into the United States, arriving at the Lukeville port of entry at 11:35 a.m. The

1  vehicle was referred to secondary and agents subsequently found 551 kilograms of marijuana
2  in a non-factory compartment in the floor of the RV.  Pates and his passenger were placed
3  in separate holding cells.

4        ICE Agent Rick Perez was assigned to investigate the case, requiring him to drive
5  several hours to Lukeville.  Beginning at about 6:00 p.m., Pates was interviewed in a
6  conference room by Perez and Port Director Richard Gill.  Gill handled the initial
7  questioning, during which Pates denied culpability for the marijuana.  Thereafter, under
8  questioning by Perez, Pates confessed.  The interrogation was not video or audio recorded.
9  No written statement was obtained.

10       Defendant called James Allender, Ph.D., a licensed psychologist specializing in
11 neuropsychology.  Dr. Allender notes that in Pates mental health records were notes about
12 anxiety, bipolar disorder, major depression and traumatic stress disorder.  Dr. Allender's
13 testing of Pates determined he was borderline intellectual functioning with a verbal IQ of 72.
14 Dr. Allender opined that the combination of low intellectual functioning and anxiety would
15 make Pates more susceptible to psychological coercion.  (TR, p 42).[1]  Because there was no
16 recording or transcript of the interrogation of Pates, Dr. Allender could not come to a
17 conclusion as to the voluntariness of the statement.  (TR, p 44).

18       Pates argues his *Miranda* rights were violated because the interrogation continued
19 after he requested an attorney.  Specifically, it is asserted in the Motion that:

20 Almost five and a half hours after he was first detained, Randy was told by an ICE agent to sign a *Miranda* waiver form.  Randy said he wanted to talk to an attorney.  An agent told
21 Randy that when Randy was done talking to agents he could see an attorney, and that it was to Randy's advantage to speak with the agents.  Randy complied and signed the waiver form.

22 (Doc 41, p 2).  This account was denied by Gill and Perez.  (TR, pp 32-33, 67).  Pates did not
23 testify.  Exhibit 1 is the signed Statement of Rights, signed by Pates.  There is no evidence
24 to support Defendant's premise that his *Miranda* rights were violated.

25       Defendant also argues that his statements were involuntary and should be suppressed.

---

28      [1] The transcript of the record of the evidentiary hearing conducted on November 3, 2008 will be referred to as "TR, p _"

The principal focus of the argument is Pates' diminished capacity.

Randy told the agents about his mental illness. Randy is disabled as a result of his mental illness. The agents questioning Randy were aware of Randy's mental challenges. Nonetheless, the agents employed psychological pressure on Randy in an attempt to obtain incriminating statements from him. Randy had not taken his medications.

(Doc 41, pp 5-6).

Again, Gill and Perez deny knowing anything about Pates' mental disability. (TR, pp 14, 55, 68, 85). Pates did indicate he was disabled, but Gill and Perez did not follow through to determine what type of disability it was. Instead they focused on how someone on a fixed income could afford an RV to highlight an apparent inconsistency in what Pates was telling them. (TR, p 56). Perez did not discern any mental deficiency in Pates while questioning him. (TR, p 85).

There is simply no evidence that either Port Director Gill or Special Agent Perez were aware of Pates' mental deficiencies or mental health issues at the time of the questioning. While it is almost certain Pates did not receive any medication during the seven hours in issue, there was no testimony concerning how that affected his mental condition or the voluntariness of his statement.

In his Motion, the Defendant asks for evidence to be excluded based on a violation of his constitutional rights and the application of the exclusionary rule. The purpose of the exclusionary rule is to act as a deterrent to unlawful police conduct. *James v. Illinois*, 493 U.S. 307, 311, 110 S.Ct. 648, 651 (1990); *United States v. Lopez-Martinez*, 725 F.2d 471, 476 (9th Cir.1984). Here, no unlawful or improper conduct by the agents was established at the hearing. There is no conduct to deter, so the exclusionary rule should not be applied.

Pates' actual mental status may still be relevant at trial or sentencing to establish that the confession was untruthful or diminished capacity. Pates' alleged susceptibility to psychological coercion may still be relevant to whether he in fact knew of the hidden marijuana before he was interrogated, regardless of the agents lack of knowledge of Pates' diminished mental capacity. But the relief sought is the exclusion of evidence, and no basis for that remedy has been shown.

WHEREFORE, IT IS THE REPORT AND RECOMMENDATION of this Court that

1 Chief Judge Roll enter an order DENYING Defendant Pates' Motion to Suppress Statement.
2 (Doc 41).
3     Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within
4 ten days of being served with a copy of the Report and Recommendation. If objections are
5 not timely filed, they may be deemed waived. The parties are advised that any objections
6 filed are to be identified with the following case number: **cr-08-054-JMR**.
7     The Clerk is directed to mail a copy of the Report and Recommendation to Plaintiff
8 and counsel for Defendant.
9     DATED this 8th day of December, 2008.

*[signature]*

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE